THE GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. EMILY FINK ET AL.

No. 291.

1. **Sufficient Verdict.**—A verdict which finds for the plaintiffs and assesses the damages at 350.00, is sufficient, although the character by which dollars are indicated and the word dollars are omitted. The suit was for money; the charge authorized the recovery of nothing else, and there can be no doubt that the jury found as damages the sum adjudged.

2. **Verdict for a Less Sum than Authorized by the Evidence.**—The evidence reviewed, and the conclusion reached, that the contention by the appellant, that the verdict was for less than the testimony required, can not be maintained.

3. **Interest.**—The plaintiffs may have been entitled to interest upon the damages found by the jury, but the court omitted to so instruct, and no charge was asked to supply the defect, and appellant can not take advantage of it.

APPEAL from Harris. Tried below before Hon. JAMES MASTERSON.

*G. Cook* and *A. C. Allen*, for appellant.

No brief for appellees reached the Reporter.

WILLIAMS, ASSOCIATE JUSTICE.—This suit was brought by appellee, for herself and as next friend of her minor children, to recover of appellant damages caused by the construction of its track and switches along a street in the city of Houston, contiguous to the two improved lots belonging to appellee and the children for whose use she sues.

The defendant pleaded general denial and the statute of limitations.

It appeared from the evidence, that the main track was constructed more than two years before the institution of this suit; also, that there had been a switch track built and a switch stand erected about 300 yards from plaintiff's property more than two years before the suit was brought; and that within two years before suit this switch had been extended and another built so that both passed in front of the lots. Whether or not

additional injury to the property, and if so, the extent of the same, resulted from these changes, was the main point of controversy. The facts affecting the question raised by appellant will be stated in connection with the assignments.

The first assignment asserts, that the verdict was too uncertain to authorize the rendition of a judgment. The verdict was as follows: "We, the jury, find for plaintiffs, and assess the damages at 350.00, one-half in favor of the minors Cornelia and Charles, and one-half for Emily Fink." On this a judgment was rendered for $350, dividing that amount between the parties in accordance with the verdict.

The point made is, that the verdict does not specify what it is that is found, whether dollars or something else.

The suit was for money; the charge authorized the recovery of nothing else, and the jury say they " assess the damages," and use figures with the decimal sign, as is ordinarily done in stating a sum of money. The word dollars and the character by which dollars are indicated are omitted, but we think there can be no doubt that the jury found as the damages the sum adjudged.

In Hopkins v. Orr, 124 United States, 510, the verdict of the jury was, that they "find for the plaintiff in the sum of thirteen hundred and ninety-nine and 48-100." The court says: " The omission of the word dollars in the verdict was not such a defect as to prevent the rendering of judgment according to the manifest intent of the jury, although it might have been more regular to amend the verdict before judgment."

The second assignment is, that the verdict is for a less sum than was warranted by any evidence, if plaintiff was entitled to recover anything. The lowest estimate of the damage done to the premises was that of the witness Settegast, who estimated the injury at one-third of the value of the property, at the least. The lowest valuation put upon the property was in the statement of plaintiff that the lots were worth $500, and that of Williams that the houses were worth $1050, making the total $1550. If the evidence of Settegast was that the whole damage was caused by the switches built and extended within two years before the suit was brought, appellant's contention would seem to be well grounded. But Settegast mentions the main track, the old switch, and the putting in of new ones, and says: " I should say that the depreciation by reason of the tracks being there, and the operation of the road in switching, depreciates the value of the property 50 per cent, or certainly, at the least figure, $33\frac{1}{3}$ per cent, by all the tracks being there." In another place he says: " Down along Walker Street an additional track for switching purposes was put down about the 19th of November, 1888, which made the damages about one-half or one-third." We understand the witness to mean, that the damages caused by all of the tracks amounted to the percentage of the value which he stated. The cause of action for injuries resulting

from the main track and the original switch was barred by limitation,. and the court, in effect, so instructed the jury.  If, therefore, they took Settegast's estimate of the extent of the depreciation, and the plaintiff's and Williams' valuation of the property, as they were justified in doing, their verdict is warranted by the evidence.  There was a conflict of evidence as to whether or not the new switches added anything to the injury inflicted on the property, but the jury allowed considerably the larger portion of the injury, upon the above estimate, as the result of the new switches.

The plaintiff may have been entitled to a verdict for interest upon the damages found by the jury, but the court omitted to so instruct them, and no special charge was asked for.  This was simply an omission on the part of the court, and the appellant having failed to ask a special charge to supply it, can not, we 'think, now take advantage of it.

*Affirmed.*

Delivered October 5, 1893.