J H. COX v. HIGH POINT, RANDLEMAN & SOUTHERN R. R. COMPANY.

(Filed 11 November, 1908).

1. Damages—Verdict—The Word "Dollars" Omitted—Judgment.

When the jury, in response to an issue on damages, had answered the issue "five thousand," it was not error in the trial Judge to add the word "dollars" in rendering judgment, when the pleadings, the evidence, the nature of the case and contention of the parties conclusively so indicated; and an exception taken thereto after the jury has been discharged cannot be upheld.

2. Same—Unit of Currency.

When, to an issue in a suit for a demand for damages, the jury has answered in an amount, leaving off the word "dollars," the Judge may, in the judgment rendered, supply the word, for the dollar is the unit of our currency, in which the judgment is to be paid, and all other coins are recognized as multiples or fractional parts thereof.

ACTION tried before *Webb, J.,* and a jury, June Term, 1908, of GUILFORD.

*Justice & Broadhurst, Murphy & Wright* and *R. C. Strudwick* for plaintiff.
*Wilson & Ferguson* for defendant.

CLARK, C. J.    Action for damages for wrongful death. In response to the issue as to damages, the jury responded "five thousand."    The Court entered judgment for "five thousand dollars."    This was not error.

Damages are necessarily found in money values.    The only words that could be entered after "five thousand" were either "dollars" or "cents," and no one ever says "five thousand cents."    The U. S. Compiled Statutes, sec. 3563, provides that the "dollar," not "cent," shall be the unit of value.

Besides, the verdict, like the charge, must be construed with reference to the trial.    The complaint was for thirty thousand dollars.    The evidence as to damages was expressed in dollars.    The Judge charged the jury that the plaintiff's contention was that he was entitled to recover "a certain amount of damages; I mean a certain amount of compensation, *so many dollars* to compensate for the value of his life." The evidence for plaintiff's intestate was that his income was $1,000 per year.    The table of expectancy showed 28 9-10 years.    The Judge submitted to the jury the proper rule for damages and also left to them the defendant's contention for reductions.    The whole controversy before the jury on this issue was in terms of "dollars," not "cents," and the verdict must be construed in that connection.

In *Stevens v. Smith,* 15 N. C., 292, where the plaintiff sued on a note for four hundred and forty-seven dollars and sixty-six cents," this Court held (Gaston, J.) that it was not a variance that by the instrument put in evidence the defendant promised to pay "four hundred and forty-seven and sixty-six cents," saying that the note being for the pay-

Cox *v.* R. R.

ment of money, it was payable in our currency, and "dollars" were meant, unless "cents" were named, because the Act of Congress, 2 April, 1792 (now U. S. Compiled Statutes, sec. 3563), makes the dollar the *unit;* that all other coins were recognized as multiples or fractional parts thereof, and that the same was true of our State, Laws 1809, ch. 775, adding, "this note could not be understood by the parties, by a court, or by a jury, in any other sense than as stipulating for the payment of four hundred and forty-seven dollars (or units). and sixty-six cents (or hundredth parts thereof). This case is cited and approved in *State v. Keeter,* 80 N. C., 474.

"The omission of the word 'dollars' in a verdict for a money recovery does not affect the validity of the judgment, when it is manifest that dollars were meant, though it would be more regular to amend the verdict before judgment." *Hopkins v. Orr,* 110 U. S., 513; *Parks v. Turner,* 12 How., 39; *Beall v. Territory,* 1 N. M., 519; *R. R. v. Fink,* 4 Tex. Civ. App., 269. "From the earliest period the courts have freely exercised the power of amending verdicts so as to correct manifest errors, both of form and of substance, to make them conform to the intention of the jury." 2 Thompson Trials, sec. 2642, and cases cited.

Of course, if the verdict had been returned in open court, the Judge should and doubtless would have called the omission of the word "dollars" to the attention of the jury. *State v. Godwin,* 138 N. C., 585. But we learn that, by consent, the verdict was rendered to the Clerk. If the matter had been called to the attention of the Judge, on the reassembling of the Court, he would have called the jury together. *Petty v. Rousseau,* 94 N. C., 362, and cases there cited. But they may have dispersed. At any rate the matter does not appear to have been called to the attention of the Judge by exception. in apt time, nor indeed at all. The case is presented here simply by the appeal and assignment of error, both of which.

could have been entered at any time within ten days after
Court had adjourned.

In view of the pleadings, the evidence, the nature of the
case, the contentions of the parties as arrayed by the Judge
in his charge, his instructions to the jury and the absence
of any exception in apt time, it would be "sticking in the
bark," indeed, to hold that the verdict was not meant to be
expressed in dollars.

Affirmed.