ELIZABETH STEFUS AND MICHAEL STEFUS, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. LONDON AND LANCASHIRE INDEMNITY COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided May 15, 1933.

For the appellant, *Cox & Walburg*.

For the respondents, *Robert I. Kuritzky*.

The opinion of the court was delivered by

H ETFIELD, J. This is an appeal from a summary judgment entered in the Supreme Court, Somerset Circuit, as the result of an answer filed by the appellant being struck as frivolous. It appears that the respondents recovered a judgment against the defendant's assured, one Isaac Krinick, for approximately $2,800. Execution was then issued, and returned unsatisfied, and subsequently, suit was instituted against the present appellant, under the terms of the liability policy issued to Krinick.

The answer filed by the appellant admits that the policy of insurance was issued to Krinick, covering the automobile involved in the accident, and that judgment, as alleged in the complaint, was recovered by the present respondents against Krinick. It then sets up, in substance, as a defense, that the accident suit was based upon willful injury to the present respondent Elizabeth Stefus; and that the trial judge instructed the jury that they could not find against the defendant unless they found that he was guilty of willfully injuring the said Elizabeth Stefus. The grounds of appeal are, in effect, that the Supreme Court erred in striking out the answer of the defendant, and entering summary judgment "for the reason that the policy of insurance on which this suit is brought insures and indemnifies its named assured only for injuries to third persons accidentally sustained and not for injuries to third persons willfully or wantonly inflicted by its assured." The appellant's contention is, that the accident case was instituted against the defendant's assured for injuries willfully or wantonly afflicted. Therefore, if the records do not support this proposition, the action of the Supreme Court was proper, and the judgment should be affirmed. The record of the accident case, kept as a memorial in the Supreme Court clerk's office, consists of the pleadings, *postea* and judgment. The *postea* discloses a general verdict against the defendant Krinick in favor of Elizabeth Stefus, for $2,000, and in favor of her husband, Michael Stefus, for $302.20. An examination of the complaint filed, shows that

it alleged that the defendant owned and operated an automobile, and that while the plaintiff Elizabeth Stefus was standing on the running-board of his car, conversing with him, defendant suddenly started his car, and the said Elizabeth Stefus was thrown from the running-board and dragged along the road, sustaining injuries; and that such injuries "were caused solely by the carelessness, negligence and recklessness of the defendant in starting said car as aforesaid * * *." There does not appear in the complaint any allegation charging that the injuries were willfully or wantonly inflicted.

The appellant, in its answer in the present case, as well as in its brief, refers in many instances to the rulings and charge of the court in the accident case; and as neither the said rulings or charge are a part of the record in the accident case, they are not properly before us, and therefore are unavailable to the appellant. *Union Garage Co.* v. *Wilner,* 98 *N. J. L.* 441.

The judgment under review will be affirmed.

LLOYD, J. (Dissenting.) I regard this case as of such far reaching effect and the view of the majority so fundamentally unsound that I cannot forbear stating my views in dissent. The facts are stated in the majority opinion and it is not necessary to repeat them.

My difficulty is that under the judgment entered below the appellant is deprived of its right to be heard. It had issued its policy to Krinick, defendant in the original litigation, to indemnify him against "loss by reason of the liability enforced upon him by law for damages on account of bodily injuries, including death, accidentally suffered by any person or persons * * * by reason of the ownership, maintenance or care of" an automobile, and also to "indemnify any person other than the named assured against loss for which the named assured, under like condition, would be entitled to indemnity however resulting from an accident occurring while such automobile is being used," and to which last clause certain exceptions are named, but not important here.

That the liability attaches only in case of an accident and not as the result of willful wrong seems not to be questioned in the majority opinion, and such seems to be the settled law. *Sontag* v. *Galer,* 181 *N. E. Rep.* 182; *Commonwealth Casualty Co.* v. *Headers,* 118 *Ohio* 429; *Briggs Hotel Co.* v. *Zurich General Accident and Liability Insurance Co.,* 213 *Ill. App.* 334, and numerous authorities cited in these cases.

This being the basis of appellant's liability when the present action was brought, it pleaded to the present action in effect that the judgment obtained by the plaintiff was not the result of an accident, but was the result of willful wrong on the part of the assured. This the opinion holds it could not plead because the complaint in the original case predicated liability on negligence and that this was conclusive on the insurance company.

Whether the complaint bears this interpretation is doubtful, but its interpretation is unimportant. The vital question is whether the appellant is bound by the averment in the complaint in the present case that plaintiff was injured through the negligent operation of the Krinick automobile simply because the original complaint in the Krinick suit contained these paragraphs:

3. While said plaintiff Elizabeth Stefus was so standing on said running-board and so conversing with said defendant, said defendant became very angry and without warning suddenly started said car.

4. By said sudden starting of said car by defendant said plaintiff Elizabeth Stefus was thrown from said running-board and was dragged along the road, and one of her ribs was fractured and her lung tissue damaged, and she was otherwise severely injured.

I think not. Appellant was not a party to the original suit nor was it a surety; it was not in privity with the parties plaintiff or defendant, and if in the trial of the Krinick case the fact that insurance existed had appeared, the trial court would, as they are all doing, direct a mistrial. This liability was predicated wholly on the obligation contained in its contract of insurance which covered nothing but injuries

accidentally inflicted by the assured. Therefore, if when it sets up in its defense that the judgment obtained against its assured was based not on an accident but was by the direction of the trial judge based on and limited wholly to the willful wrong of Krinick it was within its rights and was at liberty to establish if it could, the pleaded facts by any lawful evidence.

To hold otherwise is to declare that it is bound by litigation between other parties as to which it neither was nor could be made a party. It has not had its day in court and has lost the protection of the due process clause of the federal constitution.

It had no status to invoke action of the trial court looking to a modification of the pleadings in the damage suit case, and to deny it the right to defend itself against a sham claim simply because the respondent had seen fit to aver negligence in her complaint when in fact the recovery was for willful wrong, seems to me to be both unsound and unjust. It could have no voice in shaping the complaint and the majority opinion now holds it cannot now show the facts to be otherwise, and this because our cases hold that when a *party* to a litigation appeals to this court he must accept the record as it is here presented. That rule of course prevails and is sound. We could not adjudicate upon any other basis, but it is applicable only as between parties to the litigation. No one has hitherto even suggested applying it to others.

Even as between parties where *res adjudicata* is involved as remarked by Mr. Justice Kalisch in *Camden and Atlantic Railroad Co.* v. *Ventnor,* 106 *N. J. L.* 125, 131, the "testimony taken at the former trial and the charge of the court have been admitted in evidence in order to ascertain whether or not the same issue or issues was or were presented at the former trial," and that in some cases "resort must necessarily be had to the testimony or charge of the court in the former trial." The books are full of the practical application of such a practice.

What is there indicated may be done even as between parties is precisely what the insurance company attempted to do here. It pleaded that regardless of the pleadings in the first

case, by which it was not bound, the trial judge limited the liability of Krinick to willful wrong and that the verdict and judgment were in pursuance of that instruction.

If it cannot do this it is at the mercy of every unscrupulous litigant who, regardless of his facts, sees fit to falsely allege a claim on which the insurance company would be liable and thereunder establish another claim on which no liability could attach, and forsooth collect because the insurer cannot show the true facts. I cannot conceive this to be the law.

I am authorized to say that Messrs. Justices Donges and Heher and Judge Kays coincide with these views.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, DILL, JJ. 10.

*For reversal*—LLOYD, DONGES, HEHER, KAYS, JJ. 4.