AUBREY G. McCABE, Administrator of the Estate of J. T. McCABE, Deceased, v. THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, OF LONDON, ENGLAND.

(Filed 22 September, 1937.)

Insurance § 49—Insurer defending action and paying its counsel and the judgments may not be held liable for fees of additional counsel.

Plaintiff's intestate was the driver of his daughter's car at the time of an accident resulting in his death and injuries to passengers therein. The passengers sued the daughter and plaintiff in his representative capacity to recover for said injuries, the amount of damages demanded exceeding the amount of liability insurance on the car. Plaintiff employed counsel, who made suggestions regarding the pleadings and conduct of the trial and participated in the selection of the jury. Insurer accepted plaintiff's suggestions regarding the pleadings, including the deletion of the allegation that intestate was driving without the permission of the owner of the car, which allegation, if established, would have relieved insurer of liability under the policy, defended the suits, paid its counsel, and satisfied the judgments rendered. *Held:* Insurer fully discharged its liability under the policy, and plaintiff may not hold it liable for counsel fees for the attorney employed by plaintiff to protect his intestate's estate.

APPEAL by the plaintiff from *Williams, J.,* at March Term, 1937, of PASQUOTANK. Affirmed.

This is a civil action instituted by the plaintiff against the defendant to recover counsel fees paid additional counsel employed by the plaintiff to assist him and observe the conduct of the defense of certain actions instituted against plaintiff and Margaret McCabe, the assured. The necessary facts will be stated in the opinion.

From judgment of nonsuit, plaintiff appealed.

*J. Henry LeRoy and Thompson & Wilson for plaintiff, appellant.*
*L. T. Seawell and Worth & Horner for defendant, appellee.*

BARNHILL, J. The defendant corporation, on 26 April, 1933, issued its automobile liability policy to Margaret McCabe. This policy obligated the defendant to investigate and defend any suits for damages

against the assured, or any other person, while riding in or operating the Pontiac sedan described therein when such other person was operating the same with the consent of the assured. The plaintiff's intestate, father of Margaret McCabe, while operating said automobile by and with the consent of the assured, was involved in an accident which resulted in his death. At the same time, J. H. White and others, passengers in said automobile, received serious personal injuries. Suit was instituted against Margaret McCabe and the plaintiff herein by J. H. White, J. B. Ferebee and R. R. Wallis, passengers in said automobile, and by R. J. Morse, the owner of the automobile with which the automobile of the assured collided.

This defendant promptly investigated the collision and, after suit was instituted, prepared answers to the complaints filed by the respective plaintiffs in said suits. In said answers the allegation of the plaintiffs, in their respective complaints, that the automobile of the assured was at the time of the accident being operated by plaintiff's intestate with the permission and consent of the assured was denied. Said answers contained other affirmative suggestions, to which plaintiff objected. The plaintiff declined to sign or verify the answers and consulted counsel already employed by him. Before time for answering expired the defendant made the corrections requested and suggested by the plaintiff and his counsel, and thereafter conducted the defense in each of said cases. Upon judgments being rendered, the defendant discharged same with the costs accrued. During the course of the trial of said actions counsel employed by the plaintiff sat near counsel employed by the defendant, made suggestions, and at least on one occasion participated in the selection of the jury.

At the time plaintiff employed an attorney, in addition to those furnished by defendant, he notified defendant's employed attorneys that he was employing said attorney for plaintiff's protection, and. that all pleadings and other papers to be signed by plaintiff must be first approved by said additional counsel. Plaintiff likewise informed defendant's employed attorneys that he would consult his additional attorney regularly throughout these suits for protection against what plaintiff understood to be obvious attempts by the defendant to remove the protection of the insurance policy from defendant.

This suit is instituted to recover the sum of $1,000 for attorneys' fees charged the plaintiff by counsel employed by him in the defense of said actions. The court rendered judgment of nonsuit at the conclusion of plaintiff's evidence, and the plaintiff appealed.

The only instance in which the defendant might be said to have failed to properly conduct the defense of said suit was when it prepared an answer denying that plaintiff's intestate was operating the automobile

with the permission and consent of the owner. This was in effect a denial that the defendant was liable under its policy. However, upon the request and at the suggestion of plaintiff the answer was redrafted in a manner which met the approval of the plaintiff.

It would seem to be a clear case in which the plaintiff, being somewhat suspicious of the good faith of the defendant, employed counsel to stand by and observe the trial of said causes in order to assure himself that at all stages of the trial of said suits for damages the defendant fully complied with its contract to defend in behalf of the plaintiff and the assured. This the defendant did, and thus fully discharged its liability under this bond. It is in nowise liable for attorneys' fees incurred by the plaintiff. It has defended the suits, paid the counsel employed by it, and satisfied the judgments rendered. No further liability attaches to the defendant.

It might be well to note that the total amounts demanded in the several suits for damages exceeded the liability of the defendant under its bond, and for that reason the plaintiff was sufficiently interested therein to employ counsel to protect the estate.

In the judgment of the court below there was no error, and the judgment is

Affirmed.