JOHN BEN JACKSON, BY HIS NEXT FRIEND, GOEBEL PORTER, v. MARYLAND CASUALTY COMPANY.

(Filed 24 November, 1937.)

**1. Insurance § 43—**

A policy indemnifying insured automobile owner against loss from liability imposed by law for "bodily injuries accidentally suffered by any person" does not cover an injury to a third person intentionally inflicted by a person driving the car with the owner's permission.

**2. Same—Insurer held not estopped to set up defense that injury was intentionally inflicted by former verdict properly interpreted.**

In an action against insurer based upon an unpaid judgment entered against the driver of the car insured on a verdict of negligence in the operation of the car, ordinarily the insurer may not set up the defense that the injury was intentionally inflicted, but where the allegations and evidence in the former trial were to the effect that the injury was intentionally inflicted, the verdict will be interpreted in reference thereto, and the former judgment will not estop insurer from setting up the defense.

**3. Trial § 37—**

A verdict will be interpreted in the light of the allegations and evidence.

APPEAL by plaintiff from *Hill, J.,* at September Term, 1937, of MECKLENBURG. Affirmed.

This was an action upon a liability insurance policy issued by the defendant to Geo. F. Scheiber on his automobile. The plaintiff alleged that defendant's insurance contract covered the liability of one Robert Pearson, who was driving the Scheiber automobile at the time plaintiff was injured by it, and that plaintiff's recovery of damages against

Pearson and the return of execution unsatisfied rendered defendant liable to him for the amount of his judgment against Pearson.

The defendant denied liability to the plaintiff, and alleged that the injuries for which plaintiff recovered damages were intentionally inflicted by Pearson; that the policy of insurance did not cover liability for injury intentionally inflicted by the insured; and defendant set up the judgment in *Jackson v. Scheiber,* 209 N. C., 441, wherein plaintiff's suit against Scheiber for the same injury was dismissed on the ground that plaintiff's own evidence showed an intentional injury, and defendant alleged that, it having been judicially determined that plaintiff was not entitled to recover of the owner of the automobile, the named insured, because the injury was due to the willful and intentional act of Pearson, the driver, plaintiff was estopped to maintain this action.

The policy of insurance offered in evidence stated the insuring agreement to be: "Against loss from liability imposed by law upon the assured for damages on account of bodily injuries accidentally suffered by any person, caused by the ownership or operation of the automobile described," and the policy contained the following provision: "The insurance provided by this policy is hereby made available  .  .  .  to any person operating  .  .  .  any of the automobiles described,  .  .  . provided the use and operation thereof are with the permission of the named assured;  .  .  .  provided further, insurance payable under this policy shall be applied by the company first to the protection of the named assured, and the remainder, if any, to the protection of others entitled to insurance under the provisions and conditions of the insuring agreement as the named assured shall in writing direct."

Plaintiff's complaint in his former action against Scheiber and Pearson contained the following allegations: "That, as the plaintiff is informed and believes, the acts of the defendant in driving the said Chrysler automobile into the plaintiff and in thereafter carrying him in a helpless and unconscious condition for a distance equal to the length of a city block, as aforesaid, were willful, wanton, and reckless, and in conscious and criminal disregard of and indifference to the personal and property rights of others, and particularly of the plaintiff."

Plaintiff offered the judgment rendered in his favor and against Robert Pearson, and the verdict of the jury that he was injured by the negligence of Pearson and damaged in the sum of $300.

The only oral evidence offered by plaintiff was that of witness George F. Scheiber, who testified that on the occasion alleged Pearson drove the automobile on an errand for him. Scheiber further testified that he heard the plaintiff, John Ben Jackson, testify in the former case that he would swear Pearson ran into him on purpose, that he (Jackson) had previously shot at Pearson, and that he heard Pearson say after the

occurrence that he intended to run over him and would do it again if he had a chance.

The witness Scheiber further testified that shortly after the accident Robert Pearson left the city, that he was not present at either trial, and that witness had endeavored to locate him without success.

Thereupon plaintiff rested his case. Defendant's motion for judgment of nonsuit was sustained, and from judgment dismissing the action plaintiff appealed.

*C. H. Gover, William T. Covington, Jr., and Hugh L. Lobdell* for plaintiff.

*Robinson & Jones* for defendant.

PER CURIAM. The policy of insurance sued on did not cover the liability of the named insured, or that of any other person embraced within its terms, for a willful or intentional injury. The policy provided indemnity "against loss from liability imposed by law upon the assured for damages on account of bodily injuries accidentally suffered by any person, caused by the ownership or operation of the automobile described."

In *Jackson v. Scheiber,* 209 N. C., 441, 184 S. E., 17, it was held that the evidence of this plaintiff showed an injury intentionally inflicted on him by Pearson, the driver of Scheiber's automobile (to which the policy of insurance applied), and that Scheiber was entitled to judgment of nonsuit on that ground.

But plaintiff contends that since his judgment against Pearson was rendered upon a verdict establishing that the injury was due to the negligence of Pearson, the defendant insurer is estopped now to set up the defense that Pearson's act was intentional rather than negligent.

While, ordinarily, a liability insurer will not be permitted to set up, as a defense to an action based upon an unpaid judgment rendered against the insured on account of the negligent operation of the automobile referred to in the policy, that the injury was intentionally inflicted, that rule would not apply when the original complaint alleges as the cause of action a willful or intentional injury, and the evidence of the plaintiff shows that the injury was intentionally inflicted by the assured. The verdict should be interpreted in the light of the allegations of the complaint and the testimony at the trial. McIntosh N. C. Prac. & Proc., sec. 604; *Cox v. R. R.,* 149 N. C., 86, 62 S. E., 761.

In *Stefus v. Indemnity Co.,* 111 N. J. L., 6, 166 Atl., 339, where, in a suit by an injured third party against the liability insurer, the defense was set up that the injury complained of was willfully inflicted, it was held that this defense was unavailable for the reason that the complaint in the former suit did not charge a willful or wanton injury.

In the instant case it appeared that in the former action the plaintiff alleged a willful wrong and testified on the trial that the injury suffered by him was intentionally and purposely inflicted by Pearson, and that upon such plea and testimony judgment was rendered absolving from all liability the named insured, the owner of the automobile, for whose indemnity the policy was primarily issued. And on the trial of the present case, the testimony offered again showed that the injury was due to the willful and intentional act of the driver of the automobile described in defendant's policy.

For these reasons we hold that plaintiff has failed to make out a case against this defendant, and that the judgment of nonsuit was properly entered.

Judgment affirmed.