FIREMAN'S FUND INSURANCE COMPANY AND THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY.

(Filed 3 February, 1967.)

**1. Insurance § 66.1—**

Insured assumes no liability to the attorneys employed and paid by insurer in defending claim against insured, and therefore the amount paid by insurer to its attorneys in defending the suit may not be recovered under the subrogation clause of its policy.

**2. Insurance § 63—**

The obligation of a liability insurer to defend an action brought by the injured third party against insured upon allegations bringing the claim within the coverage of the policy, is absolute and separate and apart from the policy provisions limiting liability under the policy to the amount recovered by such third party in excess of all other valid and collectible insurance.

**3. Insurance § 3—**

Ambiguous provisions of an insurance policy are to be construed in favor of the insured.

**4. Same; Insurance § 59— Excess insurer may not recover fees paid to its attorneys against primary insurer settling claim.**

The injured party brought suit against the named insured in an automobile liability policy and against the driver of the truck owned by the named insured. The insurer in the policy defended the action on behalf of the named insured while refusing to defend it on behalf of the driver, but nevertheless obtained a settlement by a consent judgment discharging the liability of the insured and the driver. Upon the refusal of the insurer to defend the action in regard to the driver, the driver called on his liability insurers, in policies covering only liability in excess of other insurance, to defend the action, but they withdrew upon discovering facts excluding coverage of their policies. The driver's insurers then brought this action against the insurer in the owner's liability policy to recover the amount expended by them for attorneys' fees prior to the withdrawal of their attorneys. *Held:* Judgment denying recovery was properly entered.

APPEAL by plaintiffs from *McKinnon, J.,* at the 22 August 1966 Mixed Session of WAKE.

This is an action to recover fees paid by the plaintiffs to attorneys employed by them to defend a suit against their insured, Jerry Denning. That suit was brought by Edith Denning against Jerry Denning and Charles Denning for damages on account of an injury alleged by her to have been caused by the negligent operation by Jerry Denning of a truck owned by Charles Denning.

The plaintiffs now sue on the theory that they are subrogated, by the terms of their policies and by operation of law, to a right of Jerry Denning against the defendant. They contend that a policy

of automobile liability insurance issued by the defendant to Charles
Denning afforded, with reference to the accident in question, pri-
mary insurance coverage to Jerry Denning and obligated the de-
fendant to defend on his behalf the action brought by Edith Den-
ning. They contend that their own policies, issued to Jerry Denning,
were, with reference to the accident in question, excess insurance
only. They allege that after the defendant refused to defend on
behalf of Jerry Denning the action brought by Edith Denning, he
made demand upon the plaintiffs to defend the action, which they
did under the erroneous belief that the claim of Edith Denning was
covered by their respective policies. Upon discovering facts by which
her claim was excluded from the coverage of their policies, they
withdrew their defense of the action and paid the attorneys for the
services rendered to that point. Subsequently, the defendant reached
a settlement with Edith Denning and obtained from her a release
both of Charles Denning and of Jerry Denning.

The matter was heard without a jury upon the pleadings and
stipulated facts. The significant facts so stipulated, summarized in
the interest of brevity, are:

The policy issued by the defendant to Charles Denning insured
against liability any person using the truck with his permission.
Jerry Denning was so using the truck at the time of the injury of
Edith Denning. He was, therefore, an "insured" under the policy.
The policy provided that the defendant would "defend any suit
against the insured" seeking damages on account of an injury for
which the policy afforded liability coverage and would pay the ex-
penses of such defense in addition to the $5,000 limit of liability for
injury to one person.

Each plaintiff issued to Jerry Denning, as owner of another au-
tomobile, its policy which provided liability coverage to him when
using an automobile not owned by him, but provided that such in-
surance with respect to the use of a non-owned automobile would be
"excess insurance over any other valid and collectible insurance."
Each of these policies also provided that the company would defend,
at its expense, any suit against Jerry Denning alleging an injury
within its liability coverage. Each policy also provided that in
event of any payment under the policy, the company would be sub-
rogated to all the insured's rights of recovery therefor against any
person or organization.

The action by Edith Denning was for recovery of an amount far
in excess of the coverage under the defendant's policy. Her com-
plaint alleged facts, which, if true, constituted a cause of action in
her favor against both Jerry Denning and Charles Denning by
reason of the negligence of Jerry in the operation of the truck.

Jerry Denning demanded of the defendant that it afford him a defense to the action brought by Edith Denning. The defendant denied any coverage to Jerry Denning under its policy, because of certain exclusory provisions, and refused to defend the suit on his behalf, but did defend it on behalf of Charles Denning.

Thereupon, Jerry Denning demanded of the plaintiffs that they defend on his behalf the action brought by Edith Denning. The plaintiffs, subject to a reservation of their rights to disclaim coverage, employed attorneys to represent him in that action.

As a result of an adverse examination of Edith Denning by these attorneys, the plaintiffs disclaimed coverage to Jerry Denning on account of her claim, and notified him that the attorneys so employed by the plaintiffs would seek permission of the court to withdraw as his counsel. This they did and the court permitted them to withdraw. The plaintiffs thereupon paid the attorneys for their services to that point, this being the amount they now seek to recover of the defendant.

Thereafter, the defendant settled the claim of Edith Denning and obtained from her a full release of "Charles E. Denning * * * and all other persons." Her action was dismissed by a consent judgment joined in by all parties thereto.

The trial court found the foregoing facts, and concluded thereon, as matters of law: The policy issued by the defendant afforded coverage to Jerry Denning with reference to the claim of Edith Denning; the defendant was obligated by its policy to provide him with a defense to her action; but the plaintiffs are not subrogated to his right to have such defense provided by the defendant and, therefore, are not entitled to recover from the defendant the attorneys' fees for which they sue. The plaintiffs assign as error the conclusions that they are not subrogated to the rights of Jerry Denning and are not entitled to recover the fees for which they sue.

*Dupree, Weaver, Horton, Cockman & Alvis for plaintiff appellants.*

*Broughton & Broughton for defendant appellee.*

LAKE, J.  Each of the plaintiffs, by its policy, contracted with Jerry Denning to do two different things. First, it contracted to pay on his behalf all sums for the payment of which he became legally liable, because of bodily injury sustained by any person arising out of the use of an automobile not owned by him, to the extent that such liability exceeded other valid and collectible insurance and did not exceed the limit fixed by its policy. Second, it contracted to defend, at its expense, on his behalf, any suit, even though groundless,

brought against him, alleging such bodily injury and seeking damages payable under the terms of the policy.

It will be observed that the first of these undertakings requires the plaintiff company to step into the shoes of Jerry Denning and pay a sum for the payment of which he became liable. The second undertaking is not of that nature. In the performance of it the company does not step into the shoes of the policyholder. Its liability under that undertaking is not contingent upon the existence of a liability on his part, and its performance of that undertaking does not impose any liability upon him. That undertaking is absolute.

The attorneys employed to defend such suit were selected by the company and looked to it for their compensation. At no time did Jerry Denning have any liability to the attorneys. He made no payment to them. He, therefore, never had a right of recovery, against any person or organization, because of fees paid to these attorneys. Consequently, the subrogation provisions of the policies issued to him by the plaintiffs have no application, since they provide only that the issuing company will be subrogated "to all the insured's rights of recovery" for any payment made by the company.

The plaintiffs are, therefore, not entitled to recover of the defendant in this action unless, as a matter of law, apart from these subrogation clauses, there is a right in the plaintiffs to such recovery.

It is elementary that provisions of an insurance policy, if ambiguous, are to be construed in favor of the insured. *Anderson v. Insurance Co.,* 266 N.C. 309, 145 S.E. 2d 845; *Walsh v. Insurance Co.,* 265 N.C. 634, 144 S.E. 2d 817; *Mills v. Insurance Co.,* 261 N.C. 546, 135 S.E. 2d 586.

The policy issued by the defendant provided, "with respect to such insurance as is afforded by this policy for bodily injury liability," the defendant would defend any suit against the insured *(i. e.,* Jerry Denning), alleging such injury and seeking damages on account thereof, the expenses of defending such suit to be "in addition to the applicable limit of liability of this policy." When this provision in the defendant's policy and the above mentioned "excess insurance" provisions of the plaintiffs' policies are construed in favor of Jerry Denning, it is apparent that the "excess" clauses of the plaintiffs' policies relate to the amount to be paid in discharging the liability, if any, of the insured to a third party claimant. Irrespective of the existence of other insurance available to Jerry Denning, each of the plaintiffs, by its own policy, came under a duty to him to defend on his behalf a suit against him by a third party claimant, even though groundless, if in such suit the third

party claimant alleged facts which, if true, imposed upon Jerry Denning a liability to such claimant within the coverage of such plaintiff's policy.

If the complaint of Edith Denning alleged a right to recover damages within the liability coverage afforded to Jerry Denning by the policy issued by either plaintiff, its duty to defend on his behalf, at its expense, such suit was absolute and was separate and apart from any right in him to call upon the defendant for such a defense. He was entitled under the several policies to demand of each, or all, or any two, of the companies a full and complete defense against the suit so brought against him. As to him, none of the three promises to defend was "excess" protection or secondary to the undertaking of either of the other two companies, assuming the claim of Edith Denning to be within the liability coverage of all of the policies.

These contractual obligations of the three insurance companies to defend a suit brought against Jerry Denning do not arise out of a single contract to which all three companies are parties either jointly or severally, or primarily or secondarily. The obligation of each company arises out of its own, separate contract and is an absolute, unqualified undertaking to defend on behalf of Jerry Denning a suit brought against him.

It was the defendant in this action, not the plaintiffs, who brought to a conclusion the suit of Edith Denning against Jerry Denning. It did so without any loss or liability to Jerry Denning. He has paid no attorneys' fees and never incurred an obligation to do so. Under these circumstances, the record shows no damage sustained by Jerry Denning as a result of the defendant's original refusal to defend on his behalf the suit brought by Edith Denning. Jerry Denning, therefore, did not have and does not have a right to recover damages from the defendant. Since the second theory of the plaintiffs' complaint is that they are, by operation of law, "subrogated to the right of Jerry W. Denning against the defendant," their right of recovery in this action can rise no higher than his.

The record in this action does not show anything concerning the nature and extent of the services rendered by the attorneys employed by the plaintiffs except: They "appeared" for Jerry Denning, from which it may be inferred that they filed answer on his behalf; they took an adverse examination of Edith Denning, by which they determined to their satisfaction that her claim was not within the liability coverage afforded to Jerry Denning by the policies of the plaintiffs; and they, thereupon, moved for and obtained leave of the court to withdraw as counsel for Jerry Denning. There is in this record nothing to indicate that the defendant received the

benefit of any legal research or of any investigation made by the attorneys, or that the defendant's settlement and disposition of the Edith Denning suit was facilitated in any way by the services of the attorneys so employed by the plaintiffs. Thus, the plaintiffs are not entitled to recover upon any theory of benefits derived by the defendant from such services.

It is to be noted that in her suit Edith Denning demanded damages far in excess of the maximum amount which the defendant would, by its policy, have been obligated to pay upon any judgment recovered by her against Jerry Denning. The plaintiffs, therefore, had an interest of their own to protect in her action and were entitled to employ attorneys to participate in its defense for that purpose. Fees paid to attorneys employed for such purpose could not have been recovered from the defendant if the defendant, itself, had also undertaken the defense of the action on behalf of Jerry Denning. See *McCabe v. Assurance Corp.*, 212 N.C. 18, 192 S.E. 687.

Upon this record, we do not reach and do not undertake to decide the interesting question of the right of an "excess" liability insurer to recover from a "primary" liability insurer its expenditures in defending to a conclusion an action against a person insured by both upon a claim within the coverage of the policies of both, the "primary" liability insurer having failed to settle or to defend the action. That question has not yet been determined by this Court. The authorities from other jurisdictions are in conflict. Holding that the "excess" insurer is not entitled to recovery from the "primary" insurer in absence of a specific contractual provision, see: *United States Fidelity & Guar. Co. v. Tri-State Ins. Co.*, 285 F. 2d 579; *Continental Casualty Co. v. Curtis Pub. Co.*, 94 F. 2d 710; *United States Fidelity & Guaranty Co. v. Church*, 107 F. Supp. 683. Allowing recovery by the "excess" insurer, see: *American Surety Company of N. Y. v. Canal Ins. Co.*, 258 F. 2d 934; *Employers' Liability Assur. Corp. v. Indemnity Ins. Co.*, 228 F. Supp. 896; *Continental Casualty Co. v. Zurich Insurance Co.*, 17 Cal. Rptr. 12, 366 P. 2d 455, reversing *Financial Indemnity Co. v. Colonial Insurance Co.*, 132 Cal. App. 2d 207, 281 P. 2d 883; *National Farmers U. Prop. & Cas. Co. v. Farmers Ins. Group*, 14 Utah 2d 89, 377 P. 2d 786. See also: 7A Appleman, Insurance Law and Practice, § 4691, and *American F. & C. Co. v. Pennsylvania T. & F. M. Cas. Ins. Co.*, 280 F. 2d 453, footnote 11, in which other authorities pro and con are collected.

Since, upon the facts in this record, the trial court properly held that the plaintiffs are not entitled to recover any amount from the defendant on account of attorneys' fees paid by them, it was not necessary for the trial court to determine the reasonableness of the

fees so paid, or to determine what portion thereof was paid for services rendered in establishing that the claim of Edith Denning was not covered by the policies issued by the plaintiffs. The assignment of error with reference to the court's failure to find that the amount so paid by the plaintiffs was the reasonable value for services rendered by the attorneys in defending the action is, therefore, not sustained. This is not to be deemed a suggestion that the fees exceeded the value of the services rendered by the attorneys to the plaintiffs.

Affirmed.