ALLSTATE INSURANCE COMPANY v. H. M. WEBB, JR.

No. 7110DC44

(Filed 31 March 1971)

1. Appeal and Error § 22— improper appeal — review by certiorari

The Court of Appeals treats as a petition for *certiorari* an appeal which failed to comply with the rules of the Court.

2. Insurance §§ 86, 112— insurer's reimbursement under assigned risk policy — attorneys' and adjusters' fees

In an action by an assigned risk insurer seeking reimbursement from the insured for the settlement of a claim the insurer would not have had to pay except for the requirements of the Financial Responsibility Act, the insurer was entitled to recover attorneys' and adjusters' fees that it had expended in settling the claim of a person who had been intentionally assaulted with an automobile operated by the insured. G.S. 20-279.21(b); G.S. 20-279.21(h).

3. Insurance § 80— construction of Financial Responsibility Act

The public policy embodied by the Financial Responsibility Act controls over an exclusionary provision in a policy issued pursuant to the Act.

Chief Judge MALLARD dissenting.

APPEAL by defendant from *Preston, District Judge,* 1 July 1970 Session of WAKE County District Court.

Action by plaintiff insurer to recover payments made and expenses incurred in settling a claim made against defendant insured.

On 3 January 1960 plaintiff issued and delivered to defendant's wife an assigned risk policy of automobile liability insurance. The policy was certified to the Department of Motor Vehicles as proof of financial responsibility under the Motor Vehicle Safety and Financial Responsibility Act (Financial Responsibility Act). One of the vehicles insured under the policy was a 1959 Oldsmobile automobile. On 20 February 1960, defendant, while operating the Oldsmobile with the consent of his wife and as an insured within the terms of the policy, intentionally assaulted a Federal Alcohol and Tobacco Tax officer with the automobile.

The officer made a claim against defendant for damages for personal injuries sustained in the assault. Defendant made written demand on plaintiff that the claim be settled within the

policy limits. On 21 March 1962, defendant was advised by letter that except for the terms of the North Carolina Financial Responsibility Act, plaintiff would not be obligated to pay the claim and that plaintiff reserved its rights to reimbursement by defendant for any payments made in settlement of the claim, which plaintiff would not have been obligated to make except for the provisions of the Financial Responsibility Act. Defendant made no reply to the letter and thereafter settlement was effected by the payment of $3,500 by plaintiff to the claimant.

The cause was heard by the court without a jury and judgment was rendered for plaintiff in the amount of $3,500, the amount paid claimant in satisfaction of the claim, plus $203.10 paid to an independent adjusting firm for services in investigating and adjusting the claim and $467.60 paid to a firm of attorneys for services in connection with the settlement of the claim. Defendant appealed.

*John E. Aldridge, Jr. for plaintiff appellee.*

*Stewart & Hayes by Gerald W. Hayes, Jr. for defendant appellant.*

GRAHAM, Judge.

[1] The record on appeal was not docketed within the time prescribed by the rules of this Court, and the record as docketed fails in several respects to comply with our rules. However, rather than dismissing the appeal, we have elected to treat it as a petition for *certiorari*, allow it and consider the appeal on its merits.

[2] Defendant brings forward a single assignment of error which encompasses an exception only to that portion of the judgment which allows the recovery of expenses.

The insurance policy in question provides insurance coverage with respect to damages caused by accident and arising out of the ownership, maintenance or use of the described automobile. Under the policy terms, assault and battery shall be deemed an accident, "unless committed by or at the direction of the insured."

Under this provision, and also under decisions of the Supreme Court, plaintiff would have had no liability in the present case if the policy in question were an entirely voluntary

one. *Insurance Co. v. Roberts,* 261 N.C. 285, 134 S.E. 2d 654; *Jackson v. Casualty Co.,* 212 N.C. 546, 193 S.E. 703.

[3] However, the public policy embodied by the Financial Responsibility Act controls over an exclusionary provision in a policy issued pursuant to the Act. The provisions of G.S. 20-279.21 (b) extend coverage to include liability for injuries intentionally inflicted by the use of an automobile. *Insurance Co. v. Roberts, supra.* The Act also provides, that "[a]ny motor vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the provisions of this article." G.S. 20-279.21 (h).

The policy in question, as authorized by G.S. 20-279.21 (h), contained the following provision:

> "When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. *The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.*" (Emphasis added).

Defendant concedes his liability to plaintiff for the sum paid claimant in settlement of the claim. He denies, however, that he is also liable for expenses paid in adjusting and settling the claim.

The unchallenged findings of the trial court lead to the conclusion that the expenses were reasonably necessary in the disposition of the claim. Defendant contends that he was entitled to these services under the terms of the policy even though there would have been no liability on the part of the plaintiff to pay the claim, except for the provisions of the Financial

Responsibility Act. In support of this contention defendant points to Item II of the policy, which provides:

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient. . . . "

The fallacy of defendant's argument is that it overlooks the fact that the agreement to defend is only with respect to "such insurance as is afforded by this policy. . . . " The insurance "afforded by this policy" is against liability "caused by accident. . . . " The injury to claiment here resulted from an assault and battery committed by defendant and was not an "accident" within the meaning of the policy. Consequently, the policy provided no insurance aside from that arising from the provisions of the Financial Responsibility Act. Therefore, any duty plaintiff had to defend the claim, or to adjust and settle the claim, resulted from the Financial Responsibility Act and not from any agreement to defend contained in the policy.

We are of the opinion and so hold that the payment of the expenses in question were payments which plaintiff would not have been obligated to make except for the Financial Responsibility Act. The judgment of the trial court must therefore be affirmed.

Affirmed.

Judge PARKER concurs.

Chief Judge MALLARD dissents.

Chief Judge MALLARD dissenting.

Plaintiff, by its policy, contracted with the insured to do two things. First, it contracted to pay on behalf of the insured all sums for the payment of which the insured became legally liable, because of bodily injuries sustained by any person

arising out of the use of an automobile described therein, to the extent that its liability did not exceed the limit fixed by its policy. Secondly, plaintiff contracted to defend, at its expense, on behalf of its insured, any suit, even though groundless, brought against him, alleging bodily injury and seeking damages payable under the terms of the policy. *Insurance Co. v. Insurance Co.*, 269 N.C. 358, 152 S.E. 2d 513 (1967).

The second obligation assumed by plaintiff in its policy is absolute and does not depend upon the liability of its insured. It is my opinion that plaintiff had the duty to defend the claim under the express terms of the policy and that it may not recover from plaintiff expenses incurred with respect to investigating, adjusting or settling the claim. It is my further opinion that the portion of the policy wherein the insured agrees to reimburse the company for any payment made by. the company which it would not have been obligated to make under the terms of the policy except for the Financial Responsibility Act, refers only to payments in satisfaction of insured's liability. I do not interpret the language to include also the right to recover incidental expenses incurred in connection with the defense or settlement of such claim. If that is not the meaning of the language in the policy, the language is ambiguous and it is elementary that provisions of an insurance policy, if ambiguous, are to be construed in favor of the insured. *Insurance Co. v. Insurance Co., supra; Anderson v. Insurance Co.*, 266 N.C. 309, 145 S.E. 2d 845 (1966) ; *Walsh v. Insurance Co.*, 265 N.C. 634, 144 S.E. 2d 817 (1965).

For the reasons herein stated, I feel the portion of the judgment which allows recovery of expenses paid to the adjusting firm and to the attorney should be reversed.