144 So.2d 114 (1962)
GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, Ltd.
v.
Berdine J. WYBLE.
No. 21554.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Price & Francipane, Chester Francipane, Metairie, for Maryland Casualty Co., defendant-appellant.
Richard J. Garvey, New Orleans, for Berdine J. Wyble, defendant-appellee.
Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for plaintiff-appellee.
Before YARRUT, MARTINEZ and RICHARDSON, JJ.
YARRUT, Judge.
These two appeals are from a judgment in favor of Plaintiff, General Accident Fire & Life Assurance Corporation, Ltd., and against Defendant, Berdine J. Wyble, and a like judgment in favor of Defendant as Third-Party Plaintiff, over and against Third-Party Defendant, Maryland Casualty Company, for $353.07, interest and costs. The appeal of Defendant-Wyble was dismissed for deficiency in appeal bond, leaving only the appeal of Third-Party Defendant, Maryland Casualty Company, before us for review.
There is no issue of fact involved, merely the interpretation of the coverage and exceptions of Maryland Casualty Company's policy contract.
Maryland Casualty Company issued an automobile liability policy to Robert L. Trahan for a term from August 8, 1958 to August 28, 1959. On April 1, 1959, Trahan gave permission to Miss Wyble to drive his automobile for her personal benefit. While driving the automobile, she negligently caused damage to Trahan's automobile, insured by Plaintiff against collision damage.
At the time of the damage caused by Miss Wyble, Plaintiff's collision policy in favor of Trahan was in force. Plaintiff paid $403.07 for the repair of the damaged Trahan automobile and, as subrogee, brought this suit against Miss Wyble for that *115 amount, less the $50.00 deductible. Miss Wyble, in turn, filed the Third-Party action against Maryland Casualty Company, under the terms of its family automobile policy. For brevity, Maryland Casualty Company will be referred to hereinafter as "Maryland."
The pertinent provisions of Maryland's policy, upon which it relies for its non-liability, are:
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
"B. Injury to or destruction of property, including loss of use thereof, hereinafter called `property damage'; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient.
"The following are insureds under Part 1 (a) with respect to the owned automobile:
"(1) The named insured and any resident of the same household;
"(2) Any other person using such automobile, provided the actual use thereof is with the permission of the named insured.
"`Owned Automobile' means a private passenger, farm or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile;
"EXCLUSIONS:
"(i) To injury to or destruction of (1) property owned or transported by the insured or (2) property rented to or in charge of the insured other than a residence or private garage."
It is Maryland's contention that, on receiving permission of Trahan, Miss Wyble became an insured under the terms of its policy subject to all the conditions, coverages and exclusions therein, more particularly exclusion "i"; that, when the accident occurred, the automobile was being driven by an insured under the terms of the policy, who was in charge of the property. Therefore, the damage done to the property (automobile) in charge of the insured is not covered.
Contrariwise, Miss Wyble contends that the policy intends coverage of an owned automobile any time it does not meet Exclusion (g); that under Exclusion (h), a non-owned automobile is included unless expressly excluded, Exclusion (h) reading as follows:
"To a non-owned automobile while used:
"1. In the automobile business by the insured, or
"2. In any other business or occupation of the insured except a private passenger automobile operated or occupied by the name insured or by his private chauffeur or domestic servant, or a trailer used therewith or within an owned automobile."
Further, that Exclusion (i) does not apply to an owned or non-owned automobile, but solely to other personal property of the "insured," and that to include an owned automobile in Exclusion (i) would nullify Exclusions (g) and (h), Exclusion (g) reading as follows:
"To an owned automobile while used in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent, *116 or employee of the named insured, such resident or partnership."
This question is res nova in Louisiana. No case in point has been cited by either counsel, but we find in other jurisdictions the following decisions which clearly support Maryland's contention of non-liability, viz:
In Arditi v. Massachusetts Bonding & Ins. Co., Mo., 315 S.W.2d 736, the Travelers Insurance Co. issued its automobile liability policy to one Shell covering his tractor-trailer tank trucks. Massachusetts Bonding issued its automobile liability policy to one Brooks covering also "non-owned" automobiles. Brooks operated a repair shop and did work on Shell's vehicles. After completing work on one of Shell's trucks, an employee of Brooks, driving Shell's truck, struck a bus causing serious damage to Shell's truck. In litigation involving personal injury and property damage claims Travelers, Shell's insurer, cross-claimed (third-party action) against Brooks and Massachusetts Bonding for the damage to the truck.
The court held, in substance, that Travelers had no liability to its own insured Shell for damage to the truck because its policy excluded liability for damage to property "owned by the insured;" and that Massachusetts Bonding likewise had no liability for damage to Shell's truck since its policy excluded damage to property "in charge of or transported by the insured" and the property (Shell's truck) "was at the time in charge of and transported by its insured Brooks" through the latter's employee.
This latter holding supports Maryland's position here, as its insured is entitled to coverage as an omnibus insured (Miss Wyble), but who, as to the damaged vehicle, "transported" it and had it "in charge" at the time of the damage within the policy exclusion above quoted.
In Speier v. Ayling, 158 Pa.Super. 404, 45 A.2d 385, an owner was a passenger in his own automobile driven by another with his permission. An accident occurred damaging the automobile. It was held that as the owner was not driving at the time of the accident, damage to the automobile was excluded from the driver's automobile liability policy because of the exclusion of damage to property "in charge of * * * the insured."
In Western States Mut. Ins. Co. v. Standard Mut. Ins. Co., 26 Ill.App.2d 378, 167 N. E.2d 833, Western issued its automobile liability policy to Glover. Standard issued its automobile policy to Glawe. Glover, while driving Glawe's automobile with the latter's permission, hit a tree causing damage to Glawe's car. Standard paid Glawe collision coverage. To enforce Standard's subrogation rights, Glawe sued Glover and obtained judgment against Glover for $599.23. Western, Glover's insurer, then sued Standard, Glawe and Glover in a declaratory judgment action, and the court held, pertinent to the issues here, that: Glover was an omnibus insured under Glawe's policy issued by Standard; the exclusion in Standard's policy for "property owned * * * by the insured, or property * * * in charge of the insured" precluded coverage for Glover under the Standard policy; and that Standard had no right of subrogation against its own insured.
The judgment against Defendant-Wyble, in the main demand, is correct and must be affirmed since her appeal has been dismissed for appeal bond deficiency. However, the judgment in favor of Miss Wyble in the Third-Party action against Maryland is erroneous, since she was Maryland's insured quoad the accident by reason of the definition of "insured" in Maryland's policy. The exclusion as to property damaged while "in charge of insured" is plain and unambiguous. Accordingly, Maryland is not the insurer of Miss Wyble as to damage to the automobile while in her care and charge at the time of the accident. There is no provision in the policy to support any contention that the word "property" means movables other than the automobile involved, as urged by Third-Party Plaintiff.
*117 For the reasons assigned, the judgment in favor of Berdine J. Wyble, Third-Party Plaintiff, and against Maryland Casualty Company, Third-Party Defendant, is reversed, and judgment now rendered in favor of Third-Party Defendant, Maryland Casualty Company, and against Third-Party Plaintiff, Berdine J. Wyble, dismissing the latter's suit; costs in both courts to be paid by Third-Party Plaintiff.
Judgment affirmed in partand reversed in part.