188 So.2d 698 (1966)
COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, Plaintiff-Appellee,
v.
Sidney W. HARDCASTLE, Sr., et al., Defendants-Appellants.
No. 10616.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1966.
Rehearing Denied August 4, 1966.
*699 Shuey & Smith, Shreveport, for Sidney W. Hardcastle, Sr., defendant-third party plaintiff-appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for plaintiff-appellee.
Bodenheimer, Looney & Jones, Shreveport, for Continental Casualty Co., third-party defendant-appellee.
Blanchard, Walker, O'Quin & Roberts, Shreveport, for Marvin W. Kincheloe, third-party-defendant-appellee.
Before HARDY, AYRES, and BOLIN, JJ.
AYRES, Judge.
Concerned on this appeal are Sidney W. Hardcastle, Sr., a third-party plaintiff, and Continental Casualty Company, a third-party defendant. The former has appealed from a judgment sustaining a motion of the latter for a summary judgment rejecting the former's demands.
The issues concern the application, vel non, of an exclusionary clause in a public liability policy issued by third-party defendant Continental Casualty Company to Efurd Machine & Welding Company, Inc. The action initially instituted herein was brought by Commercial Union Insurance Company of New York against Sidney W. Hardcastle, Sr., and Marvin W. Kincheloe to recover the sum of $665 paid by it in subrogation to Efurd Machine & Welding Company, Inc., under a collision or physical damage policy issued by Commercial Union Insurance Company of New York to Efurd Machine & Welding Company, Inc., as the result of an accident of July 11, 1964, between a Chevrolet automobile owned by Efurd Machine & Welding Company, Inc., driven at the time of the accident by Sidney W. Hardcastle, Jr., and a Ford automobile owned and operated by Marvin W. Kincheloe. Hardcastle, Sr., was made a defendant by virtue of the fact that his son, a minor, residing with him at the time, was the driver of the Chevrolet automobile, with the permission of its owner at the time of the accident. The action was predicated, of course, upon negligence charged to both Hardcastle, Jr., and Kincheloe.
Following the institution of this action defendant Sidney W. Hardcastle, Sr., filed a third-party proceeding against Continental Casualty Company, as a third-party defendant, on the premise that he was an insured under the omnibus clause of the Continental policy, and accordingly sought judgment against it for any sum for which he might be condemned.
That third-party plaintiff, Hardcastle, Sr., is an insured under Continental's policy is apparently conceded. Not only was his son an insured under the omnibus clause of the policy, by virtue of his operation of the vehicle with the permission of the ownerand it is through his son's alleged fault that liability is sought to be imposed upon the fatherbut the policy extends insurance coverage to the father as a person legally responsible for the use of *700 the insured vehicle. The omnibus clause, by its title and the use of the word "includes," denotes extensiveness and comprehensiveness and its evident intent to refer to any and all persons entitled to protection under the policy.
The exclusionary clause upon which this third-party defendant relies to defeat recovery recites, with reference to property damage:
"This policy does not apply:
* * * * * *
"(i) under coverage C, to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy."
By reference to the policy it is ascertained that no language contained therein expressly denied insurance coverage to third-party plaintiff, Hardcastle, Sr. The question is whether he may have been excluded by implication.
Omnibus insurance clauses are construed liberally; exclusionary clauses, strictly. As pointed out in Pullen v. Employers' Liability Assurance Corp., 230 La. 867, 89 So.2d 373, 377 (1956), once coverage has been extended, as it is quite clearly the purpose of the policy to do and as has been done here, it should be withdrawn only when exclusion is established with certainty.
It appears appropriate to point out here that Hardcastle, Sr., was not the owner of the property damaged; nor had he rented or transported it, or had it in his charge. While the word "charge" has a broad and varied meaning, a person or thing could not be said to be "in charge of" an insured within the meaning of a contract of insurance unless he has the right to exercise dominion or control over it. No such contention is set forth in this action. It is the insured, Hardcastle, Sr., who is sought to be excluded from coverage as he is the only insured against whom liability is sought. There is no other insured involved in this proceeding. Even so, the test for exclusion must necessarily apply specifically to each. In fact, Hardcastle is the only insured for whom liability is demanded and who is sought to be excluded. Therefore, he is unquestionably the relevant insured here, and the test of the exclusionary clause must be applied to him to determine whether he is an insured whose identity marks him for exclusion from coverage. As pointed out, it was not his property that was damaged; nor was it rented or transported by him or committed to his charge so as to bring the property within the exclusionary clause of the policy as being that of the insured.
Third-party defendant cites and relies upon the cases of Middlesex Mutual Fire Ins. Co. v. Ballard, 148 So.2d 865, La. App., 1st Cir. 1963, and General Accident Fire & Life Assur. Corp. v. Wyble, 144 So. 2d 114, La.App., 4th Cir., 1962. These cases are distinguishable from the instant case. In these cases coverage was denied because when the accidents occurred the vehicles were being driven by insureds who were in charge of the property. In the instant case, as heretofore pointed out, the insured, Hardcastle, Sr., was never in charge of the property; nor is it contended that he owned it, rented it, or transported it. Here, Hardcastle, Jr., was admittedly "an" insured under the omnibus clause. He was not, however, "the" insured against whom liability is sought.
Appellant relies on the interpretation placed upon "the" insured in Pullen v. Employers' Liability Assurance Corp., supra. There the Supreme Court held the exclusionary clause applied only to the named insured employer, and did not exclude from coverage one Mitchell whose negligent operation of a dragline, in the service of the employer, caused the death of Pullen, another employee.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and *701 set aside, and the motion for a summary judgment is overruled; and,
Accordingly, this cause is remanded to the Honorable, the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and according to law.
Costs of this appeal are to be paid by Continental Casualty Company, appellee the assessment of all other costs to await final judgment.
Motion overruled; cause remanded.