BOLIN, Judge.
This two-car collision case was before us previously on appeal from the granting of a motion for summary judgment. We reversed the ruling and remanded the case to the lower court for action in conformance with the views therein expressed. La.App., 188 So.2d 698 (1966).
The rather complicated factual and legal problems confronting the court were adequately set forth in our previous opinion and will be restated only insofar as is necessary.
*336 Sidney Hardcastle, Jr., a minor was driving a Chevrolet belonging to Efurd Machine and Welding Company, Inc., with the permission of that company. Young Hardcastle, who was alone at the time, was proceeding south on Anniston Street at 8:45 p. m., on July 11, 1964, in the City of Shreveport. Marvin Kincheloe was driving his automobile west on Ockley Drive and had entered the intersection of Ockley and Anniston when his car was struck on the right side by the vehicle driven by Hardcastle. The Chevrolet was heavily damaged and Commercial Union, as collision insurer of Efurd, paid that company for the necessary repair to the car. Commercial brought the instant suit under a subrogation agreement with Efurd, seeking recovery of this payment from Hard-castle and Kincheloe.
Following trial on the merits the lower court rendered judgment for $663.55 in favor of plaintiff, Commercial Union Insurance Company, against Hardcastle, Sr., and judgment in favor of Hardcastle against third party defendant, Continental Casualty Company, for a like amount plus attorney’s fees of $250. The court found the accident was caused solely by the negligence of Hardcastle, Jr., and therefore rejected plaintiff’s demand against the driver of the other vehicle and also rejected the third party demands of Hardcastle against his own insurer, Firemen’s Insurance Company.
From the judgment Continental Casualty, Commercial Union and Hardcastle have appealed and Hardcastle has also answered the appeal of Continental asking for af-firmance of the lower court’s award of damages and an increase in attorney’s fees.
Basis of Continental’s appeal is practically identical with its defense to the third party demand of Hardcastle advanced in the lower court; that is, that the company had issued a public liability policy to Efurd and as such was not liable under the policy for damage to Efurd’s automobile by reason of a clause excluding coverage while the car was in charge of or being transported by the insured.
This court, in its previous opinion, rejected this contention and held that both Hardcastle, Sr., and his son were insureds within the meaning of the omnibus clause in Continental’s policy. Nevertheless, with regard to the exclusionary clause, we held that Hardcastle, Sr., was not “the insured” within the meaning of that clause since he was neither in charge of nor transporting the property (automobile) destroyed.
Appellant Continental re-urges many of the arguments advanced on the first appeal. We have carefully reviewed our previous decision, as well as the record and briefs filed in this appeal, and find nothing which casts doubt on the correctness of our original holding.
With regard to the appeal of Commercial from the rejection of its claim against Kin-cheloe we find the lower court was correct in concluding the accident was caused solely by the negligence of young Hard-castle.
This brings us to an issue which was before the court below and is strenuously urged here: i. e., the matter of attorney’s fees. In his original petition Hardcastle asked for $250 attorney’s fees. However, one day prior to trial and with leave of court he filed a supplemental petition which was served on the opposing parties requesting additional attorney’s fees in the amount of $516.25. During trial the itemized statement of the additional time and work expended by the attorney due to the failure of either Firemen’s or Continental to furnish defense counsel for the suit against Hardcastle was introduced and filed in evidence. An attorney was called to testify to the correctness of the itemized statement.
In spite of the permission to file the amended petition and the admitted testimony, the lower court refused to award more than the original $250 requested. *337 This we think was error. (La.C.C.P. Art. 1155.)
For the reasons assigned the judgment appealed from is amended so as to increase the award for attorney’s fees from $250 to $766.25 with reservation of the right of Sidney W. Hardcastle, Sr., to file an additional action to recover expenses incurred since the filing of the supplemental petition. As thus amended the judgment appealed from is affirmed at the cost of appellant, Continental Casualty Company.
Amended and affirmed.