# DAIRYLAND INSURANCE COMPANY v. STEPHEN G. MUNSON. RELIANCE INSURANCE COMPANY, THIRD-PARTY DEFENDANT.

193 N. W. 2d 476.

January 7, 1972—No. 42888.

*Robert J. McGuire* and *Mordaunt, Walstad, Cousineau & McGuire,* for appellant.

*Arthur W. Seaberg,* for respondent Dairyland Insurance Company.

*Eastwood & Goyer* and *Philip H. Eastwood,* for respondent Munson.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

MURPHY, JUSTICE.

Appeal from judgment entered against third-party defendant insurance company in a subrogation action. Plaintiff, Dairyland Insurance Company, having paid an automobile collision loss, became subrogated to the rights of its insured and began an action to recover against its insured's bailee, who caused the loss. The bailee interpleaded his insurer, Reliance Insurance Company, as third-party defendant. Issues raised by the appeal are whether or not the permissive user was an additional insured within the terms of the owner's policy so as to be protected from loss by collision; and whether Reliance, the third-party defendant, was liable for the collision loss under the provisions of its policy, which protected its insured from property damage arising from the use of a "non-owned automobile."

It appears from the record that Dairyland issued to Charles M. Healy a public liability policy on his automobile. Healy loaned the automobile to one Stephen G. Munson. While using the automobile, Munson rolled the car over, as a result of which there was a net loss in the amount of $1,503. Healy's policy with Dairyland provided for collision coverage. The amount of the loss was paid by Dairyland to Healy. Dairyland then started a subrogation action against Munson. Munson was insured by a policy issued by Reliance. After tender by Munson, Reliance refused to defend on the ground that there was no coverage under its policy. Munson accordingly interpleaded Reliance. After trial without a jury, the court made findings and concluded that Munson was entitled to coverage and defense under the terms of his policy with Reliance.

Reliance contends that Munson was an "insured" under the terms of Dairyland's policy and that Dairyland's subrogation action against Munson must fail because an insurer has no right of subrogation against its insured. It appears from an examination of Dairyland's policy that it provides Healy, its insured, with protection for "collision or upset" in excess of a deductible

amount.[1] The provisions relating to collision coverage are separate and distinct from provisions relating to coverage for bodily injury and property damage. The policy protects the permissive user from the latter risks under its coverage of "any person while

---

[1] The following are the relevant provisions of the Dairyland policy:

"Coverage E—Collision or Upset

"To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto."

"III Definition of Insured

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'Insured' includes the named Insured and, if the named Insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named Insured or such spouse or with the permission of either and within the scope of such permission."

"CONDITIONS

"The conditions, unless otherwise noted, apply to all coverages.

\* \* \* \* \*

"18. No Benefit to Bailee, Coverages D, E, F, G and H

"The insurance afforded by this policy shall not inure directly or indirectly to the benefit of any carrier or bailee liable for loss to the automobile.

"19. Subrogation, Coverages A, B, C, D, E, F, G and H

"In the event of any payment under this policy, the company shall be subrogated to all the Insured's rights of recovery therefor against instruments and papers and do whatever else is necessary to secure any person or organization and the Insured shall execute and deliver such rights.

"In the event of any payments under the Medical Expense Coverage of this policy, the company shall be subrogated to all the rights of recovery therefor which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. This provision shall not be applicable with respect to any payments when the law of the state where the Insured resides prohibits subrogation relative to such payments."

using the automobile" with permission of the insured and within the scope of such permission. By express definition contained in the policy, however, the permittee or bailee is not included as an insured with respect to collision or upset damage. One of the conditions specifically states that the insurance afforded shall not inure directly or indirectly to the benefit of the bailee for loss under collision coverage.

We may assume from the record here that Healy may have had a cause of action against Munson because of his failure to exercise that degree of care which the nature of the bailment would require from an ordinarily prudent person. 8 Am. Jur. 2d, Bailment, § 205; 2 Dunnell, Dig. (3 ed.) § 732. While Healy could have brought an action against Munson for damages to his automobile, he chose instead to recover from his insurer under the collision provision of his policy. Having paid the damages to Healy, Dairyland stands in Healy's shoes and has the same cause of action against Munson. 9B Dunnell, Dig. (3 ed.) § 4875c (14a).[2]

In considering the defense of Reliance that the insurance provided by its policy is "excess insurance" only and that its insured is protected by the owner's policy, it may be observed that courts have, in recent years, written extensively on the interpretation of language in automobile insurance policy provisions which limit liability where damage occurs while the automobile is being used by another with the owner's permission, and where, as here, it is claimed that there is overlapping coverage. The parties rely on conflicting authorities which relate to similar contracts and similar situations. Reliance relies on Western States Mutual Ins. Co. v. Standard Mutual Ins. Co. 26 Ill. App. 2d 378, 167 N. E. 2d 833 (1960), which holds that under the facts here the permissive user would be an insured under the owner's policy. However, the later

---

[2] Dairyland's policy substantially provides that, in the event of any payment under it, the insurer shall be subrogated to the insured's rights, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.

case of Aviation Employees Ins. Co. v. Barclay, 237 Md. 318, 206 A. 2d 119 (1965), arrives at the opposite conclusion.

The best guide to an understanding of the insuring intent is, of course, the language of the policy itself. From that language, we cannot escape the conclusion that, insofar as Dairyland's insurance relates to collision, Munson, the bailee, is not an insured. The definition expressed in Paragraph III(a), which significantly omits mention of collision coverage in defining the permissive user as an insured with respect to bodily injury and property damage liability, requires that conclusion. Moreover, one of the conditions specifically indicates that the insurance afforded shall not inure to the benefit of a bailee "liable for loss to the automobile."

We are in accord with the trial court's view that Reliance, under the terms of its policy, undertook to insure Munson for damages caused to a nonowned automobile by a collision.[3] Reliance express-

---

[3] The following are the relevant provisions of the Reliance policy:
"PART I—LIABILITY

\* \* \* \* \*

"Coverage B—Property Damage Liability

"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person;

"B. injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage'; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the Company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient."

"Exclusions

"This policy does not apply under Part I:

\* \* \* \* \*

"(h) to a non-owned automobile while used (1) in the automobile business by the Insured or (2) in any other business or occupation of

ly agreed "[t]o pay for loss caused by collision * * * to a non-owned automobile" subject to a deductible amount. The claim of Reliance that its coverage applies only to "excess insurance over any other valid and collectible insurance" is without relevance to the facts in this case because its insured had no other valid and collectible insurance. We have already noted that Munson is not an

---

the Insured except a private passenger automobile operated or occupied by the named Insured or by his private chauffeur or domestic servant, or a trailer used therewith or with an owned automobile;

"(i)  to injury to or destruction of (1) property owned or transported by the Insured or (2) property rented to or in charge of the Insured other than a residence or private garage."

"Part III—Physical Damage

* * * * *

"Coverage E—Collision

"To pay for loss caused by collision to the owned automobile or to a non-owned automobile but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto. The deductible amount shall not apply if the collision is with another automobile insured by the company."

"Limit of Liability

"The limit of the Company's liability for loss shall not exceed the actual cash value of the property, or if the loss is a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the property or such part thereof with other of like kind and quality, nor, with respect to an owned automobile described in this policy, the applicable limit of liability stated in the declarations; provided, however, the limit of the Company's liability (a) for loss to personal effects arising out of any one occurrence is $100, and (b) for loss to any trailer not owned by the named insured is $500.

"Other Insurance

"If the Insured has other insurance against a loss covered by Part III of this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

additional insured under the Dairyland policy. Since his only insurance is that provided by Reliance, the trial court correctly determined that he was entitled to defense and coverage under its policy.

Affirmed.