LEAR, Judge.
The pertinent facts of this case are well set out by the trial court in its reasons for judgment, from which we quote, in part, below:
“This is an action by the owner of a 1974 Ford Club Wagon Van against State *1280 Farm Mutual Automobile Insurance Company, the alleged liability insurer of Suzanne Clark and her son, Glynn M. Clark, Jr.
“Plaintiff, the van owner, gave permission to Glynn M. Clark, Jr., to drive the van during negotiations for the proposed purchase of the van by Mr. Clark and his mother, Suzanne Clark. During the test drive the van was wrecked due to Mr. Clark’s fault and the van was damaged to the extent of Two Thousand Five Hundred and No/100 ($2,500.00) Dollars, as stipulated by counsel.”
“The pertinent provisions of the policy include the liability coverage under ‘B’ of Part I of the policy, which provides:
“ ‘Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: ...
“ ‘B. Injury to or destruction of property ... arising out of the ownership, maintenance or use of the owner automobile or any non-owned automobile
“Under Part I of the policy, there is found the definition of ‘Persons Insured’, with respect to non-owned automobiles:
“ ‘(b) with respect to a non-owned automobile,
“ ‘(1) the named insured,
“ ‘(2) any relative . .. provided his actual operation ... is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission.’
“State Farm Mutual Automobile Insurance Company relies on an exclusion in the policy to urge that there is no coverage in this case. The pertinent language is as follows:
“ ‘This policy does not apply under Part I: ... (i) to injury or destruction of
“ ‘(1) property owned or transported by the insured or
“ ‘(2) property rented to or in charge of the insured ... ’.”
The trial court found that Mrs. Clark is an insured under the terms of the policy and that the van being operated by Mr. Clark was a non-owned automobile within the terms of the insured policy. We agree with those findings. The trial court further found that Mrs. Clark was not “in charge of” the automobile, and the policy exclusion was therefore not applicable.
On appeal State Farm contends that Mrs. Clark has sufficient control over plaintiff’s van in order to place her “in charge of” the property. Defendant relies on language in the case of Commercial Union Insurance Company v. Hardcastle, 188 So.2d 698 (La.App. 2nd Cir. 1966). In Hardcastle, the court was required to interpret the phrase “in charge of” in an insurance policy exclusion, which is identical to that at issue here. In that case, Efurd Machine and Welding Co., Inc. (Efurd) owned the vehicle which was damaged while being operated by its minor employee, Hardcastle, Jr. Plaintiff was Efurd’s collision insurer and sued the minor employee’s father, Hardcastle, Sr., to recover the damages it had paid to Efurd. Hardcastle, Sr., was sued on the basis of his vicarious liability for the torts of his minor son. Hardcastle, Sr., then brought a third party action against Efurd’s liability insurer, which excepted on the basis of an exclusion contained in the policy. The issue in Hardcastle was whether Hardcastle, Sr. was “in charge of” the damaged property. In finding that Hardcastle was not “in charge of” the damaged property, the court stated that:
“It appears appropriate to point out here that Hardcastle, Sr., was not the owner of the property damaged; nor had he rented or transported it, or had it in his charge. While the word ‘charge’ has a broad and varied meaning, a person or thing could not be said to be ‘in charge of’ an insured within the meaning of a contract of insurance unless he has the right to exercise dominion or control over it. [Emphasis supplied.]
“[I]t was not his [Hardcastle, Sr.’s] property that was damaged; nor was it . .. committed to his charge so as to bring the property within the exclusion *1281 ary clause of the policy as being that of the insured.”
In its written reasons for judgment, the trial court stated that:
“In the case at bar, the property damaged was not owned or transported by Mrs. Clark, the insured; nor was the property rented or in her charge at the time of the accident....
Mrs. Clark was not present when permission was given by plaintiff to Mr. Clark to drive the vehicle, nor when the vehicle was actually driven.”
Because permission had been given only to her son to drive the van, and she was not present at that time, the trial court found that Mrs. Clark had no physical custody or control over the non-owned automobile at the time of the accident. Based on this finding, the trial court concluded that she did not have the right to exercise dominion or control over the automobile.
While there may be some factual distinctions between this instant case and Hard-castle, in that Hardcastle, Sr. had no involvement or connection with the automobile driven by his son, and Mrs. Clark was involved in negotiating for the purchase of the automobile damaged herein, we find that the trial court was correct in concluding that Mrs. Clark was not “in charge of” plaintiff’s automobile at the time of the accident. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Thus, the policy exclusion relied upon by defendant is not applicable.
For the foregoing reasons, the judgment of the trial court is hereby affirmed. All costs, both at trial and on appeal, are to be paid by defendant, State Farm Mutual Automobile Insurance Company.
AFFIRMED.