AETNA CASUALTY AND SURETY COMPANY AND ASHLEY WATSON BELL v. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY AND IMPORTS OF HIGH POINT, INC.

No. 508PA85

(Filed 2 April 1986)

**Insurance § 75.2 — automobile collision insurance — subrogation — summary judgment improper**

Summary judgment was improperly granted against Penn in an action in which Penn sought to recover from Aetna's insured payments made by Penn to its insured for property damage to an automobile owned by Penn's insured but driven by Aetna's insured when the accident occurred. The driver of the car had no insurable interest with respect to collision coverage, the owner could sue the driver for negligently damaging the car, and Penn had the right to be subrogated to the owner's right of action.

ON defendants' petition for discretionary review of the decision of the Court of Appeals in an unpublished opinion, pursuant to Rule 30(e) of the North Carolina Rules of Appellate Procedure,

affirming the entry by *Walker, J.,* of summary judgment in favor of plaintiffs in a declaratory judgment action at the 20 February 1984 session of Superior Court, GUILFORD County. Heard in the Supreme Court 11 February 1986.

*Smith, Moore, Smith, Schell & Hunter, by William Sam Byassee, for plaintiff-appellees.*

*Henson, Henson & Bayliss, by Paul D. Coates and Perry C. Henson, for defendant-appellants.*

MARTIN, Justice.

The record reveals that on 13 June 1980 Ashley Bell accompanied Joey Quick to Myrtle Beach, South Carolina. Quick drove a 1978 Mercedes Benz automobile which was owned by Imports of High Point, Inc. (Imports), of which Quick's father was president and principal stockholder, and insured by Pennsylvania National Mutual Casualty Insurance Company (Penn). Quick's father had expressly forbidden his son to allow anyone else to drive the car.

On 14 June, Bell and Quick took the Mercedes to the apartment of Quick's girlfriend. Quick gave Bell the keys to the Mercedes to get a portable cassette player and some tapes from the car. Bell did not return the keys to Quick after he brought the tapes into the apartment. Several hours later, Bell yelled upstairs to Quick and his girlfriend that he was hungry and was going to take the car to the store to get something to eat. Quick apparently did not hear Bell's announcement. While driving the Mercedes, Bell ran a stop sign and collided with another vehicle at an intersection.

Penn paid Imports under the collision coverage of the insurance policy for the damage to the Mercedes and then filed suit against Bell seeking compensation for its subrogated payment for the property damage to the automobile. Bell is insured by Aetna Casualty and Surety Company (Aetna).

The Court of Appeals affirmed the trial court's entry of summary judgment in favor of plaintiffs, holding that no genuine issue of material fact existed because it is irrelevant whether Bell was driving with Quick's permission and thus Bell was an "insured" under the terms of Penn's policy and that Penn had no subrogation or indemnity rights against its own insured. While

the Court of Appeals determined that Bell was an "insured" under Imports' "Business Auto" policy which insured against any loss as a consequence of a "covered auto's collision with another object or its overturn," we do not find it necessary under the facts of this case to resolve this issue. However, for the reasons stated below, we disagree with the Court of Appeals' determination that Penn has no rights of subrogation or indemnity against Bell, and accordingly we reverse.

Initially, we agree with the statement of the Court of Appeals that it is of no consequence who was driving the Mercedes as long as it was covered under Penn's policy and was damaged in a collision with another object. The Court of Appeals noted that because the collision coverage does not differentiate between a driver who has the permission of the named insured and one who does not, a determination of whether Bell had permission to drive the car was immaterial. However, of central importance in this case is the fact that Penn's policy is one of *collision* insurance and not *liability* insurance. The issues of who is an "insured" and of permissive use are critical in the resolution of a dispute involving automobile *liability* insurance policies but not in cases involving automobile collision coverage; liability insurance covers whomever may be construed as an "insured" under the terms of the policy and permission is relevant in determining whether the acts of the driver are insured by the policy. Collision insurance is basically a contract of indemnity which merely covers physical damage to a specific insured vehicle—here, the Mercedes itself—irrespective of who is driving. 10A Couch on Insurance 2d § 42:221 (rev. ed. 1983); 7 Am. Jur. 2d *Automobile Insurance* §§ 157, 172 (1980); Annot., *Automobile Insurance - Accident - Collisions*, 105 A.L.R. 1426, 1431 (1936). In fact, Penn does not dispute its obligation to pay Imports regardless of who was operating the vehicle or even that it would have to pay Imports for damages to the Mercedes if it had been standing still. The question we must decide, then, boils down to whether Imports has a valid cause of action against Bell and, if so, whether Penn has the right to be subrogated to that cause of action.

Our resolution of the issue in this case is premised on the type of insurance policy concerned and is founded on general principles of subrogation. Since the coverage in controversy was for damage from collision, only the owner, Imports, had an insurable

interest in the car. Imports of High Point, Inc.—the corporation itself—was indemnified by Penn pursuant to Penn's obligation under the collision coverage clause for the property damage to the Mercedes. Because Bell does not hold legal title to the Mercedes and has no equitable or economic interest in the car, he has no insurable interest with respect to collision coverage. Thus, plaintiffs' argument that permissive use exempts Bell from liability for compensation to Penn for the damage to the car is not relevant to the controversy arising on the facts before us.[1] Imports could sue Bell for negligently damaging the Mercedes. *Cf. Insurance Co. v. Webb*, 10 N.C. App. 672, 179 S.E. 2d 803 (insurance company recovered from driver for damages paid to third party). *See also General Accident Fire & Life Assur. Corp. v. Wyble*, 144 So. 2d 114 (La. App. 1962); *Dairyland Ins. Co. v. Munson*, 292 Minn. 141, 193 N.W. 2d 476 (1972); *Travelers Indemnity Co. v. Brooks*, 60 Ohio App. 2d 37, 395 N.E. 2d 494 (1977). In fact, it has done so in Superior Court, Guilford County. Even had Bell been an employee of Imports, the general rule would have allowed Imports to sue Bell for negligently damaging the Mercedes. Annot., *Liability Insurer's Subrogation Rights*, 53 A.L.R. 3d 631 (1973). For analogous cases of bailor suing bailee for negligent damage to personal property, see *Insurance Co. v. Motors, Inc.*, 240 N.C. 183, 81 S.E. 2d 416 (1954); *Vincent v. Woody*, 238 N.C. 118, 76 S.E. 2d 356 (1953). It is a general precept of insurance law that a subrogee's rights are derivative and are dependent on the rights of the owner, *Shambley v. Heating Co.*, 264 N.C. 456, 458, 142 S.E. 2d 18, 20 (1965); 16 Couch on Insurance 2d § 61:36 (rev. ed. 1983), and that after it indemnifies its insured an automobile collision insurer is entitled to subrogation against the tort-feasor legally responsible for the loss or harm to the insured. *Insurance Co. v. Trucking Co.*, 256 N.C. 721, 726, 125 S.E. 2d 25, 29 (1962) (insurer subrogated to insured's right of action by agreement or by operation of law); *Smith v. Pate*, 246 N.C. 63, 67, 97 S.E. 2d 457, 460 (1957) (insurer entitled by operation of law to subrogation in auto collision cases); *Winkler v. Amusement Co.*, 238 N.C. 589, 597, 79 S.E. 2d 185, 191 (1954) (insurer entitled to subrogation under equi-

---

1. The question of who is driving is relevant with respect to subrogation in collision insurance cases only when the driver is the vehicle owner; this is because a subrogee's rights depend on the rights of the owner and obviously the owner could not sue himself.

table principles); *Underwood v. Dooley*, 197 N.C. 100, 106, 147 S.E. 686, 690 (1929). *See generally* 16 Couch on Insurance 2d § 61:237. Because there is no impediment to Imports suing Bell as the tort-feasor legally responsible for the damage to its Mercedes, we hold that Penn has the right to be subrogated to Imports' right of action against Bell. The decision of the Court of Appeals is therefore

Reversed.