JUDGE MOTOR CORP., Plaintiff, v GLORIA D. GRAHAM, Defendant, and BETTY COLLINS, Defendant and Third-Party Plaintiff-Respondent-Appellant. HARTFORD CASUALTY INSURANCE COMPANY, Third-Party Defendant-Appellant-Respondent. —Order modified on the law to grant summary judgment to third-party plaintiff in accordance with memorandum herein and as modified affirmed without costs. Memorandum: Special Term erred by denying the motion of third-party plaintiff, Betty Collins, for summary judgment in this action seeking a declaration that third-party defendant, Hartford Casualty Insurance Co. (Hartford) may not maintain a subrogation action against her. Collins was test driving an automobile owned by Judge Motor Corp. when it was involved in a collision with a vehicle driven by codefendant, Gloria Graham. Hartford paid Judge Motor Corp. for damage to the vehicle pursuant to the terms of its insurance policy issued to Judge Motor Corp. and then commenced this subrogation action against Collins and Graham. Collins commenced a third-party action against Hartford seeking a declaration that she is an insured under Hartford's policy with Judge Motor Corp., therefore barring a subrogation action by Hartford against its own insured. Hartford and Collins both moved for summary judgment and Special Term denied both motions. Because the only question presented to Special Term, whether Collins is an insured under the Hartford policy, was one of law and not of fact, summary judgment should have been granted to one of the parties. In our view, third-party plaintiff is entitled to summary judgment.

Although an insurance company that has indemnified its insured is entitled to subrogation against the tort-feasor responsible for the loss, an insurer has no right of subrogation against its own insured (*New York Bd. of Fire Underwriters v Trans Urban Constr. Co.*, 91 AD2d 115, 120, *affd* 60 NY2d 912; *Chrysler Leasing Corp. v Public Adm'r, N. Y. County*, 85 AD2d 410, 413, *appeal withdrawn* 57 NY2d 682). The critical question presented on this appeal is whether Collins is an additional insured under the terms of the Hartford policy.

Collins, as a permissive user of a covered auto, would be an additional insured under the liability section of this policy for injuries or property damage to third parties. Hartford argues that Collins is not an insured under the collision portion of

this policy. According to Hartford, there is no definition of an insured under the collision portion of the policy because the only insured under the collision portion of the policy is the named insured, Judge Motor Corp. If this interpretation were accepted, however, there would be no need for the collision portion of the policy to contain a specific exclusion from coverage for bailees for hire. Because the collision section of the policy contains a specific clause that excludes coverage to persons transporting property "for a fee", i.e., a bailee for hire, at the very least, an ambiguity exists in the policy concerning whether a bailee not for hire is an additional insured under the policy, and this ambiguity must be resolved in favor of coverage *(United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232). The Court of Appeals of the State of Washington, construing a policy with identical language to the one at bar, has held, in a case presenting virtually identical facts, that a prospective customer who was test driving a vehicle when it was involved in an accident was an additional insured under the auto dealership's policy and, therefore, no subrogation action by the dealership's insurer could be maintained against him *(Frontier Ford v Carabba,* 50 Wash App 210, 747 P2d 1099). We find that court's analysis to be persuasive. Consequently, the order is modified to grant summary judgment to third-party plaintiff declaring that third-party plaintiff is an insured under the policy of third-party defendant.

All concur, except Pine and Davis, JJ., who dissent and vote to grant judgment, in accordance with the following memorandum.

Pine and Davis, JJ. (dissenting). We dissent because we conclude that Hartford is entitled to summary judgment declaring that Collins is not an insured under the collision coverage of the garage policy it issued to Judge Motor Corp.

Collins concedes in the record that she is not afforded coverage under the liability provisions of that policy because, although she meets the definition of an insured under the liability provisions (item six; part IV [D] [1] [b] [3]), property damage to "property owned or held for sale or being transported by the insured or in the insured's care, custody or control" is excluded (part IV [C] [6]). At oral statement, Collins's attorney conceded that Judge Motor Corp. could have sued Collins in the first instance for negligently damaging its vehicle but argued that Judge Motor Corp. had somehow elected its remedy by making a claim under its collision

coverage which precluded Hartford from suing Collins for negligence.

It is unquestioned that Hartford as collision carrier for Judge Motor Corp. stands in the shoes of its insured after it has paid the dealer for the property damage; Hartford is, therefore, subrogated to the dealer's rights against Collins. Because Collins is not an insured under the liability coverage, and because the claim against her is based on negligence, it would seem clear that she is not an insured against whom the insurer is precluded from making a claim.

However, the majority finds that Collins is an insured under the collision coverage of the policy by finding ambiguity created by the following condition:

"NO BENEFIT TO BAILEE—PHYSICAL DAMAGE INSURANCE ONLY.

"We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this policy" (part VII [I]).

The majority then applies the general principle that ambiguity in an insurance policy must be resolved in favor of coverage.

We disagree that this language creates ambiguity resulting in coverage. The provision does not use the word "insured". Both the policy language and the nature of property damage insurance support our interpretation.

The policy defines "insured" as any person or organization qualifying as an insured in the "WHO IS INSURED" section of the applicable insurance (part I [G]). While there is such a section with respect to liability insurance (part IV [D]), there is none with respect to physical damage insurance (part VI). This is reasonable because property damage insurance by definition covers property, not a person. Clearly Collins would not have been entitled to payment under the collision coverage, and she has conceded that she had no insurable interest in the automobile. The policy provisions concerning physical damage insurance specify types of autos covered and interests covered. The interest designated is "[y]our interest and the interest of any creditor named as a loss payee" (item eight). "You" and "your" are defined to mean the named insured in item one of the declarations, i.e., Judge Motor Corp. (Part I [A].)

In relying on *Frontier Ford v Carabba* (50 Wash App 210, 747 P2d 1099), the majority ignores several other cases which have reached contrary conclusions and which we find better

reasoned *(Western Motor Co. v Koehn,* 242 Kan 402, 748 P2d 851 [1988]; *Aetna Cas. & Sur. Co. v Pennsylvania Natl. Mut. Cas. Ins. Co.,* 316 NC 368, 341 SE2d 548 [1986]; *see also, Gardner v Baker,* No. CA85-295 [Ct App Ark 1986]). (Appeals from order of Supreme Court, Monroe County, Curran, J.— summary judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Davis, JJ.