2012 ME 23

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**

v.

**Joshuah P. FARRINGTON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.
Decided: Feb. 28, 2012.

Christopher C. Dinan, Esq., and Erica M. Johanson, Esq., Monaghan Leahy, LLP, Portland, for appellant Joshuah P. Farrington.

Edward L. Zelmanow, Esq., Greenberg & Greenberg, Portland, for appellee Philadelphia Indemnity Insurance Company.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] Joshuah P. Farrington appeals from a summary judgment entered in the Business and Consumer Docket (*Horton, J.*) on Philadelphia Indemnity Insurance Company's complaint for breach of contract in connection with damage to a motor vehicle loaned to Farrington by Darling's d/b/a Darling's Rent–a–Car. Farrington contends that the court erred in concluding that he is not insured by Darling's insurance policy with Philadelphia Indemnity. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Darling's, a car dealer and repair shop in Bangor, loaned a vehicle to Farrington in May of 2010. In the rental contract, Farrington agreed that he would return the vehicle in the same condition it was in when he obtained it and that he was responsible for any loss to the vehicle. He also declined the option to obtain a waiver to insure him for any damage to the vehicle. Farrington struck a moose while driving the vehicle loaned to him by Darling's, causing over six thousand dollars in damage to the vehicle.

[¶ 3] Philadelphia Indemnity, Darling's insurer, compensated Darling's pursuant to the property damage provision of its commercial insurance policy (the Policy), which provides: "We will pay for 'loss' to a covered 'auto' or its equipment under ... Collision Coverage [c]aused by ... [t]he covered 'auto's' collision with another object." [1] The property damage provision contains no reference to or definition of "insured," but the general definition section of the Policy defines an "insured" as "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage." The Policy lists Darling's as the named insured, and states that all references to "you" or "your" in the Policy refer to Darling's.

[¶ 4] Philadelphia Indemnity, as Darling's subrogee, filed a complaint against Farrington asserting that he breached the rental contract by damaging the vehicle.[2] The parties stipulated to the relevant facts, from which the court entered judgment in Philadelphia Indemnity's favor. Farrington appeals.

## II. DISCUSSION

[¶ 5] Farrington argues that he is an "insured" according to Darling's property damage Policy with Philadelphia Indemnity and relying on the anti-subro-

---

1. Philadelphia Indemnity asserts that the claim was paid pursuant to comprehensive coverage. The record does not disclose whether Darling's invoked comprehensive or collision coverage, and it is irrelevant to the disposition of the appeal.

2. The matter was initiated in the District Court (Bangor), removed to the Superior Court (Penobscot County), and later transferred to the Business and Consumer Docket, from which the final judgment issued.

gation rule challenges Philadelphia Indemnity's ability to bring a claim against him. The anti-subrogation rule prevents an insurer from suing

> its insured for a risk covered by the insurance policy. An insurer may only assert subrogation rights against third parties to whom it owes no duty of care. To allow subrogation against the insured would be to pass the risk of loss onto the insured and avoid the coverage that the insured had purchased.

22 Eric Mills Holmes, Appleman on Insurance § 141.2(B)(2) (2d ed.2003) (footnote omitted). This rule has long been recognized in some form in Maine. *See, e.g., Farren v. Me. Cent. R.R. Co.*, 112 Me. 81, 83, 90 A. 497–98 (1914) ("[W]ere it otherwise, when the [insured] has received the insurance, or has had the benefit of it, the insurance company can then recover it back and thus deprive the [insured] of the benefit of the insurance."). We examine de novo whether Farrington is an insured by reviewing, "like any other contract," the unambiguous language of the particular policy at issue. *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 11, 814 A.2d 989 (quotation marks omitted).

[¶ 6] Farrington argues that the absence of a definition of "insured" in the property damage provision of the Policy means that Philadelphia Indemnity has agreed to insure the entire world against loss to Darling's vehicles. That the property damage provision does not announce which parties stand to benefit from the coverage does not lead to the conclusion that Farrington suggests, however. Unlike liability coverage, which insures *people*

against losses owed to others by virtue of fault, property damage coverage insures the *vehicles* themselves without regard to fault. *Frontier Ford, Inc. v. Carabba,* 50 Wash.App. 210, 747 P.2d 1099, 1101 (1987). Although the definition of the "insured" is necessary for liability coverage, only the description of the insured property is necessary for property damage coverage. *W. Motor Co., Inc. v. Koehn,* 242 Kan. 402, 748 P.2d 851, 855 (1988). As the trial court aptly noted, it is Darling's that is entitled to recover the value of the loss to covered vehicles by virtue of its ownership of those vehicles and the fact that it is Darling's that suffers the loss when one of its vehicles is damaged.[3] *See Aetna Cas. & Sur. Co. v. Penn. Nat'l Mut. Cas. Ins. Co.,* 316 N.C. 368, 341 S.E.2d 548, 550 (1986).

[¶ 7] Our function "is not to make a new contract for the parties by enlarging or diminishing its terms, but is to ascertain the meaning and intention of the contract *actually made.*" *Apgar v. Commercial Union Ins. Co.,* 683 A.2d 497, 500 (Me.1996) (alteration omitted) (quotation marks omitted). We reject Farrington's suggestion that he is included as an insured within the meaning of the property damage portion of the contract Darling's actually made with Philadelphia Indemnity.[4]

The entry is:

Judgment affirmed.

---

3. We are not persuaded by Farrington's argument that the property damage exclusion for bailees for hire necessarily establishes that the Policy was intended to provide coverage for every person other than a bailee for hire.

4. This is distinguishable from the landlord-tenant context, in which we have concluded that the tenant is an "implied co-insured" of the landlord *for purposes of liability coverage. N. River Ins. Co. v. Snyder,* 2002 ME 146, ¶¶ 12–16, 804 A.2d 399 (quotation marks omitted).